UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America,<br><br>v.<br><br>Mark C. Anderson,<br><br>Defendant. | No. 2:07-cr-00096-KJM<br><br>ORDER |

Defendant Mark C. Anderson renews his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). The government opposes on multiple grounds including Mr. Anderson's not meeting exhaustion requirements. The court **denies** the motion.

The court explained the background of this case in its previous order, Prev. Order at 2–3, ECF No. 289, and thus declines to do so here again.

The district court that imposed a custodial sentence can modify the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018. The defendant must first exhaust administrative remedies. *Id.* § 3582(c)(1)(A). In a renewed motion for compassionate release, a defendant must still exhaust administrative remedies. *United States v. Keller*, Nos. 20-50247, 21-50035, 2021 U.S. App. LEXIS 19635, at *9 (9th Cir. July 1, 2021). A district court may not reach the merits of a compassionate release motion if a defendant did not meet the exhaustion requirement and the government properly raises the issue. *Id.*

As noted, the government contends Mr. Anderson did not exhaust his administrative remedies. Opp'n at 12–14, ECF No. 295. Mr. Anderson does not dispute this. Reply at 1, ECF No. 297. Instead, Mr. Anderson argues he met exhaustion requirements prior to filing his original motion, and the court should not require another round of administrative exhaustion because doing so would be futile. *Id.* As also noted, the Ninth Circuit has held the opposite. *Keller*, 2021 U.S. App. LEXIS at *9–11; *see also United States v. Ortiz*, No. 17-00152, 2020 WL 2939985, at *2 (E.D. Cal. June 3, 2020) ("Futility does not circumvent the jurisdictional minimum of exhaustion.").

As Mr. Anderson did not exhaust his administrative remedies with the Bureau of Prisons before his renewed motion, the court **denies** his motion for compassionate release.

This order resolves ECF No. 292.

IT IS SO ORDERED.

DATED: September 15, 2021.

CHIEF UNITED STATES DISTRICT JUDGE